**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-16957 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00207-SOM-1 |
| v. | |
| WILLIAM CLARK TURNER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted June 8, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

William Turner appeals the district court's denial of his petition for a writ of

error coram nobis. We have jurisdiction under 28 U.S.C. § 1291. We review the

district court's decision de novo, *United States v. Riedl*, 496 F.3d 1003, 1005 (9th

Cir. 2007), and its factual findings for clear error, *Lankford v. Arave*, 468 F.3d 578,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

583 (9th Cir. 2006).  We affirm.

A jury convicted Turner of interfering with a flight attendant in violation of 49 U.S.C. § 46504.  Turner now seeks to nullify his conviction through a writ of error coram nobis, arguing that his trial counsel provided ineffective assistance by failing to object to a purportedly unlawful jury instruction.[1]

We reject Turner's ineffective-assistance-of-counsel claim.  To succeed on a claim for ineffective assistance, a defendant must show that his counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984).  The jury instruction at issue was based on an applicable pattern instruction from the Eleventh Circuit, which by that time had been in use for over a decade.  Although Turner contends the pattern instruction was "incorrect on its face," he cites no court decision holding as much.  Considering the "strong presumption . . . of reasonable professional assistance," we conclude that Turner's counsel did not perform ineffectively by consenting to that instruction.  *Id.* at 689.

**AFFIRMED**.

---

[1] We do not address Turner's argument that the jury instruction unlawfully expanded the scope of the statute.  As we held in Turner's previous appeal, Turner waived any challenge to the jury instruction under the invited-error doctrine.  *See United States v. Turner*, 754 F. App'x 664, 664 (9th Cir. 2019).